UNITED STATES *v.* KONKAPOT *et al.*

(*Circuit Court, E. D. Wisconsin. July 9, 1890.*)

1. PUBLIC LANDS—CUTTING TIMBER—CRIMINAL LAW.
   Rev. St. U. S. § 2461, which forbids the cutting of timber growing on land of the United States which has been reserved or purchased for supplying timber for the navy, and the cutting or removal of timber from any other land of the United States with intent to export or dispose of the same otherwise than for the use of the navy, does not apply to Indian reservations in Wisconsin, since its object is to protect timber suitable for the use of the navy.

2. SAME.
   Rev. St. U. S. § 5388, as amended June 4, 1888, which forbids the cutting or wanton destruction of timber upon military or Indian reservations, does not apply to one who removes and uses for building purposes timber which has been cut on an Indian reservation by another person without his aid or encouragement.

At Law. Error to district court.
*Charles W. Felker*, for plaintiffs in error.
*W. A. Walker*, U. S. Dist. Atty.

GRESHAM, J. The defendants were convicted and sentenced for cutting and removing timber from an Indian reservation. The first count of the indictment charges that on the 1st day of January, 1889, the defendants unlawfully entered upon an 80-acre tract,—describing it,—part of the unallotted lands of the reservation, belonging to the Stockbridge tribe of Indians in Wisconsin, and cut and carried away 75 pine trees, and other trees then and there standing, of the value of $700, with intent to use and dispose of the same in the open market for their own benefit, gain, and profit, and not for the use of the navy of the United States. The second count differs from the first in omitting the charge that the trees were not cut with the intention of disposing of them for the use of the navy. Section 2461, Rev. St., declares that if any person shall cut or cause to be cut, or aid or assist in cutting, or shall wantonly destroy, or cause or aid in wantonly destroying, any live oak or red cedar trees, or other timber standing, growing, or being on any lands of the United States which have been reserved or purchased for the use of the United States for supplying or furnishing therefrom timber for the navy of the United States; or if any person shall remove, or aid or assist in removing, from any such lands any live oak or red cedar trees, or other timber, unless duly authorized so to do by order in writing of a competent officer, and for the use of the navy of the United States; or if any person shall cut, or cause to be cut, or aid or assist in cutting any live oak or red cedar trees, or other timber on, or shall remove, or cause to

be removed, or aid or assist in removing, any live oak or red cedar trees, or other timber from, any other land of the United States, with intent to export, dispose of, or employ the same in any manner whatsoever other than for the use of the navy of the United States, he shall pay a fine of not less than treble the value of the trees and timber so cut or removed, and be imprisoned not exceeding 12 months. Section 5388 declares that every person who unlawfully cuts or aids in cutting, or wantonly destroys or procures to be destroyed, any timber standing on lands of the United States which have been or may be reserved or purchased for military or other purposes, shall pay a fine of not more than $500, and be imprisoned not more than 12 months. This section was amended June 4, 1888, (25 St. at Large, 166,) by inserting before the penalty the following clause: "Or upon any Indian reservation or lands belonging to or occupied by any tribe of Indians under authority of the United States."

The evidence showed that on or about the 1st day of January, 1889, the defendant Aaron Konkapot, a Stockbridge Indian, and a member of that tribe, cut and felled 53 pine trees of the value of $100, then standing upon an 80-acre tract of the unallotted lands of the reservation, and that the defendant Edwin Miller, an Indian of the same tribe, and a member of it, on the 1st day of May of the same year removed part of the timber so cut; that prior to the cutting and removing there had been allotted to each of the defendants out of the reservation 80 acres, which tracts were four miles from where the timber was cut; that Konkapot cut the trees for the purpose and with the intention of using them in building upon his 80-acre tract a house and barn, and that some months later Miller removed part of the logs with the intention and for the purpose of building a house upon his 80-acre tract; that none of the timber was sold or offered for sale by either of the defendants; and that the Indian agent in charge of the Stockbridge tribe and the reservation forbade the cutting by Konkapot and the removal by Miller. The court instructed the jury that the defendants held the lands allotted to them in severalty, and they had no right to cut or remove timber from the unallotted lands for the purpose of erecting upon their allotted land any buildings or tenements whatever; and that the reservation, or unallotted land, was held by the United States in trust for other Indians entitled to allotment, or in trust for the common benefit of the tribe, and could not be despoiled for the purpose of improving allotted land, or erecting buildings upon it.

The first two clauses of section 2461 relate to the cutting and destruction of timber on lands "which have been reserved or purchased for the use of the United States for supplying or furnishing therefrom timber for the navy of the United States." The defendants neither cut, destroyed, nor removed timber on or from such land. The remaining clause, fairly construed, does not embrace Indian reservations such as the Stockbridge reservation. This section was enacted to protect live oak, red cedar, and other timber fit for the use of the navy upon lands purchased or reserved by the government for that purpose. Section 4751 provides that all penalties and forfeitures incurred under section 2461 shall be sued for, recovered, and distributed under the direction of the secretary of the

navy, and paid over, half to the informers, if any, or captors, where seized, and the other half to the secretary of the navy for the·use of the navy pension fund. It would hardly be contended that the secretary of the navy could claim under this section any portion of a fine or forfeiture incurred under any statute for cutting, removing, or destroying timber standing upon the Stockbridge reservation, or any other Indian reservation. The defendants were not guilty under section 2461. The unlawful cutting or wanton destruction of timber standing upon lands of the United States which have been or may be reserved or purchased for military or other purposes is made an offense by section 5388. Miller was not a party to the cutting of the trees. He simply removed some of the trees that Konkapot had cut and left lying on the ground some months before. The evidence shows that Konkapot felled the trees, and Miller removed part of them, and it fails to show that either aided or encouraged the other. The indictment is for cutting and carrying away timber, and section 5388, in both its original and amended form, is for unlawfully cutting or wantonly destroying standing timber. Miller did not remove standing timber from the reservation to build a house upon his allotted tract, and, if he had done so, he would not have been guilty of wantonly or otherwise destroying it. It is insisted by the attorney for the government that Indian reservations were embraced in section 5388 as it originally stood, such being land of the United States reserved for other than military purposes. If that construction be correct, the section was not enlarged or broadened by the amendment of 1888. It is plain that by cutting trees on the reservation Konkapot brought himself within the letter of the section as amended. He did not, however, cut the trees for sale or profit. To occupy and cultivate the tract allotted to him in severalty he needed a house and barn, and the trees were cut for the sole purpose of erecting such buildings upon his premises. It seems harsh to visit upon him the penalty of the statute for this act; but the court must administer the law as it finds it. The judgment of the district court against Konkapot is affirmed, and as to Miller it is reversed, and remanded for further proceedings.